BOWEN, Judge,
concurring specially.
I concur in the affirmance of the appellant’s conviction but not for the reason stated by the majority. The majority finds that the record is not sufficient to ascertain exactly what the prosecutor said or the context in which it was said. I disagree.
From my reading of the record it appears reasonably certain that in closing argument the prosecutor was merely responding to the announcement of defense counsel in his opening statement that the defense expected the evidence to show that the appellant was “sorry.” The prosecutor’s comment was not directed to the appellant’s failure to testify but to defense counsel's failure to prove what he had announced he expected to prove. “[Ajrgument of counsel, that, in fact, is a reply in kind to an earlier argument of opposing counsel would not be subject to objection, even though such argument otherwise would be impermissible.” Ex parte Rutledge, 482 So.2d 1262, 1264 (Ala.1984) (emphasis in original). Certainly if defense counsel argues that he is going to prove a certain matter, the prosecutor may argue, in kind, that counsel has failed to prove that same matter. Dossey v. State, 489 So.2d 662, 664-65 (Ala.Cr.App.1986). “ ‘Counsel may comment on the failure of his adversary to produce evidence ... when the comment is pertinent to answer an argument made by opposing counsel.’ Jarrell v. State, 251 Ala. 50, 56, 36 So.2d 336, 341 (1948). The prosecutor has a right to comment on and answer statements made by defense counsel in argument to the jury.” Dossey, 489 So.2d at 665. A prosecutor’s statement that the defense has failed to put on evidence as promised by defense counsel is not a comment on the defendant’s failure to testify. Thomas v. State, 555 So.2d 320, 320-21 (Ala.Cr.App.1989).
“Where the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant’s silence, Griffin [v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) ] holds that the privilege against compulsory self-incrimination is violated. But where as in this case the prosecutor’s reference to the defendant’s opportunity to testify *1273 is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege.
[[Image here]]
“ ‘[The] central purpose of a criminal trial is to decide the factual question of the defendant’s guilt or innocence....’ To this end it is important that both the defendant and the prosecutor have the opportunity to meet fairly the evidence and arguments of one another. The broad dicta in Griffin to the effect that the Fifth Amendment ‘forbids ... comment by the prosecution on the accused’s silence,’ 380 U.S., at 615, 85 S.Ct., at 1233, must be taken in the light of the facts of that case. It is one thing to hold, as we did in Griffin, that the prosecutor may not treat a defendant’s exercise of his right to remain silent at trial as substantive evidence of guilt; it is quite another to urge, as defendant does here, that the same reasoning would prohibit the prosecutor from fairly responding to an argument of the defendant by adverting to that silence. There may be some ‘cost’ to the defendant in having remained silent in each situation, but we decline to expand Griffin to preclude a fair response by the prosecutor in situations such as the present one.”
United States v. Robinson, 485 U.S. 25, 32-34, 108 S.Ct. 864, 869-70, 99 L.Ed.2d 23 (1988).
The prosecutor’s comment was proper and does not constitute error.